UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE PRICE,

        Plaintiff,

v.

JOHN DOE,

        Defendant.

_____/

Case No. 19-10348
Hon. Mark A. Goldsmith

**OPINION AND ORDER GRANTING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO FILE A RESPONSE (DKT. 11), REJECTING PLAINTIFF'S OBJECTIONS TO THE COURT'S PREVIOUS ORDER (DKT. 13), DISMISSING THE CLAIM AGAINST JOHN DOE AS UNTIMELY, DENYING PLAINTIFF'S REQUESTS FOR DISCOVERY (DKT. 6), FOR WAIVER OF FEES AND COSTS (DKT. 7), FOR APPOINTMENT OF COUNSEL (DKT. 12, 14), AND TO ALLOW SUPPLEMENTAL PLEADING (DKT. 16), DISMISSING THE COMPLAINT, AND CLOSING THIS CASE**

### I. BACKGROUND

Plaintiff Tyrone Price, a federal inmate currently housed at the Federal Correctional Institution in Manchester, Kentucky, filed a pro se complaint seeking money damages for alleged violations of his constitutional rights. The two defendants named on the face of the complaint were the municipal police department for Saginaw, Michigan, and Covenant Hospital in Saginaw, Michigan. The body of the complaint and exhibits attached to the complaint indicated that Price was also suing Dawn Duranso, who works for the Saginaw Police Department, and a Saginaw police officer identified as "John Doe."

Price alleged in his complaint that on March 8, 2015, he was a passenger in a car driven by his pregnant girlfriend, Breanna Blank. Compl. ¶¶ 1-2, 5 (Dkt. 1). Officer John Doe was on duty that day, and he drove his patrol car at a high rate of speed through Saginaw streets without using his headlights or sirens. Id. ¶ 2. John Doe's conduct caused Ms. Blank's car to hit a tree. Id. As

a result of the accident, Ms. Blank's unborn child died, and Price sustained injuries to his back and to his right leg. Id. ¶¶ 1, 3-4.

Price further alleged in the complaint that Dawn Duranso of the Saginaw Police Department refused to send a copy of John Doe's police report to him, id. ¶¶ 7-8, and that staff at Covenant Hospital refused to take x-rays or an MRI of Price's back and leg. Id. ¶ 9. Price stated that he is disabled as a result of the accident. Id. ¶ 11. He claimed that John Doe and Covenant Hospital were deliberately indifferent to his medical needs and liable under the Eighth Amendment for the "unnecessary and wanton infliction of pain." Id. ¶¶ 4, 6, 10. Price also claimed that Ms. Duranso violated his Fourteenth Amendment right to due process and his First Amendment right to petition the Government for redress of grievances by refusing to send him a copy of the police report for the incident on March 8, 2015. Id. ¶ 8.

On April 8, 2019, the Court dismissed the Saginaw Police Department, Covenant Hospital, and Dawn Duranso from this action and ordered Price to show cause why his claim against John Doe should not be dismissed as untimely. (Dkt. 9). Now before the Court is Price's response to the Court's order to show cause (Dkt. 13). Also pending before the Court are Price's requests for discovery (Dkt. 6), for waiver of the filing fee (Dkt. 7), for an extension of time to file a response to the Court's previous order (Dkt. 11), for appointment of counsel (Dkt. 12, 14), and to allow supplemental pleading (Dkt. 16). The request for an extension of time is granted, but the other requests are denied, and because the Court has concluded that Price's claim against John Doe is barred by the statute of limitations, the complaint will be dismissed.

## II. ANALYSIS

### A. The Dismissal of the Saginaw Police Department, Covenant Hospital, and Dawn Duranso

In his response to the Court's order to show cause, Price objects to the Court's dismissal of the Saginaw Police Department, Covenant Hospital, and Dawn Duranso. The Court will treat Price's objections as a motion for reconsideration. This District's Local Rules provide that –

> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). The Court concludes for the following reasons that Price has failed to show a palpable defect in the Court's prior order.

### i. The Saginaw Police Department and City of Saginaw

Price seeks to hold the Saginaw Police Department or the City of Saginaw liable because John Doe's violation of municipal policies and rules on speed limits and the use of lights and sirens caused his injury. Resp. to Op. & Order at 2 (Dkt. 13). The Police Department, however, is not a legal entity that may be sued under § 1983, Laise v. Utica, 970 F. Supp. 605, 608 (E.D. Mich. 1997), and even though "[l]ocal governing bodies . . . can be sued directly under § 1983," Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978), "a municipality is liable under § 1983 only if the challenged conduct occurs pursuant to a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have 'cause[d]' one of its employees to violate the plaintiff's constitutional rights." D'Ambrosio v. Marino, 747 F.3d 378, 386 (6th Cir. 2014) (citing Monell, 436 U.S. at 692). The facts alleged in Price's complaint indicate that it was John Doe's violation of municipal policies and rules that caused Price's injuries, not the policies and rules themselves. Furthermore, local governments "are not vicariously liable

3

under § 1983 for their employees' actions." Connick v. Thompson, 563 U.S. 51, 60 (2011). The Court therefore declines to reinstate the Saginaw Police Department as a defendant.

### ii. Covenant Hospital

Price argues next that he should be permitted to pursue a claim against Covenant Hospital because hospital employees refused his requests for an MRI and X-rays following the incident on March 8, 2015. Resp. to Op. & Order at 3-4 (Dkt. 13). The Court has previously held that Price insufficiently pleaded that Covenant Hospital was acting under color of state law, because the "mere fact that a hospital is licensed by the state is insufficient to transform it into a state actor for purposes of 1983. 4/8/19 Order at 5 (quoting Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006)). Price responds by stating that Covenant Hospital is required to provide medical assistance to patients in need of medical attention. Resp. to Op. & Order at 4. However, a hospital's obligation to provide emergency medical assistance to those in need—imposed on hospitals accepting Medicare funding through the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd—does not render the hospital a state actor for § 1983 purposes. EMTALA, like licensure, is a form of regulation, and state regulation of a private entity is insufficient to support a finding of state action. See Kottmyer, 436 F.3d at 688. This is so emphatically the case that numerous courts have held that a hospital treating a prisoner pursuant to its EMTALA obligations rather than a contract or similar arrangement between a prison and a hospital is not a state actor. See, e.g., Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 827-828 (7th Cir. 2009); Sykes v. McPhillips, 412 F. Supp. 2d 197, 203 (N.D.N.Y. 2006). The Court, therefore, declines to reinstate Covenant Hospital as a defendant.

### iii. Dawn Duranso

Price objects to the dismissal of Dawn Duranso from this action because Ms. Duranso failed to provide him with a copy of John Doe's police report. Price contends that he needs the report to prove that the incident on March 8, 2015 occurred. He asserts that the refusal to provide him with the report violated his right to petition the government. Resp. to Op. & Order at 5 (Dkt. 13).

A civil rights plaintiff, however, has no constitutional right to obtain a police report. See Yhwhnewbn v. Leak, No. 11 C 5653, 2012 WL 3061848, at *1 (N.D. Ill. July 26, 2012) (unpublished decision in a civil rights case stating that "the Constitution does not require defendants to . . . vest [a plaintiff] with the right to obtain a police report"); Foley v. Vill. of Weston, No. 06–C–350–C, 2007 WL 314465, at *3 (W.D. Wis. Jan. 29, 2007) (unpublished decision stating that "persons who are not the subject of criminal prosecution have no . . . constitutional right to obtain police reports"). Therefore, Ms. Duranso's failure to provide Price with a police report regarding the incident on March 8, 2015, is not actionable under § 1983. Foley, 2007 WL 314465, at *3. The Court declines to reinstate Ms. Duranso as a defendant.

### iv. Conclusion on Price's Objections

For the reasons set forth above, the Court did not make a palpable error when it summarily dismissed the Saginaw Police Department, Covenant Hospital, and Dawn Duranso from this action. Accordingly, the Court denies Price's request to reconsider its order dismissing those defendants.

### B. John Doe

The remainder of Price's response to the Court's previous order attempts to show cause why the Court should not dismiss Price's claim against John Doe as untimely. Price maintains

that, for the reasons given in his complaint, John Doe should not be dismissed. Resp. to Op. & Order at 3 (Dkt. 13).

A federal court may summarily dismiss a prisoner's complaint if the complaint is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; 42 U.S.C. § 1997e(c)(1); Flanory v. Bonn, 604 F.3d 249, 252 (6th Cir. 2010); Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate." Castillo v. Grogan, 52 F. App'x 750, 751 (6th Cir. 2002) (citing Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir. 1995)).

The applicable limitations period here is Michigan's three-year statute of limitations for personal injury claims. McCune v. Grand Rapids, 842 F.2d 903, 905 (6th Cir. 1988). The statute begins to run when the plaintiff knew or should have known of the injury which forms the basis for his claim. Fox v. DeSoto, 489 F.3d 227, 233 (6th Cir. 2007).

Price's claim against John Doe pertains to injuries that he incurred on March 8, 2015. He was taken to the hospital on the same day. Compl. ¶ 9 (Dkt. 1). He obviously knew of his injuries at that time, because he contends that he was denied his request for an MRI or X-rays. He signed his complaint more than three years later, on January 28, 2019. Therefore, his complaint is time-barred.

Price, nevertheless, attempts to justify the delay in filing his complaint by noting that he has been incarcerated. He also alleges that his former attorney withdrew from his case, he has had

limited access to a law library during his incarceration, and he was transferred to another facility on a federal writ without his legal documents. Resp. to Op. & Order at 3 (Dkt. 13).

The personal injury statute of limitations in Michigan is not tolled for incarceration. See Mich. Comp. Laws § 600.5851(9). Moreover, a prisoner's pro se status and limited access to a law library ordinarily are not a basis for tolling a limitations period or excusing an untimely filing. Jones v. United States, 689 F.3d 621, 627 (6th Cir. 2012). The deprivation of legal papers during routine transfers between prisons also is not a basis for tolling a limitations period. Clarke v. United States, 367 F. Supp. 3d 72, 77 (S.D.N.Y. 2019).

The Court concludes that Price has not shown cause for his failure to file a timely complaint against John Doe. Accordingly, the Court dismisses John Doe from this action.

### C. Dr. Foland Walker

Price filed a motion to allow supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d), seeking to add Dr. Foland Walker as a defendant and to add medical records from the accident to Price's Response to the April 8, 2019 Opinion and Order (Dkt. 16). Rule 15(d) only allows supplemental pleadings setting out a "transaction, occurrence, or event that happened after the date of the pleading to be supplemented." As Walker's involvement predates the pleadings in this case, Price's motion will be construed as a motion to amend the pleading pursuant to Rule 15(a)(2). The motion is denied because the amendment would be futile. Price alleges the same wrongdoing by Dr. Walker as he alleged against Covenant Hospital, and these claims are dismissed for the same reason as the claims against the Hospital were dismissed: Price has not pleaded facts establishing Dr. Walker as a state actor, the Court cannot second guess medical judgments and thereby constitutionalize claims sounding in state tort law, and Price's allegations

7

establish nothing more than a difference of opinion about whether he needed an MRI or X-rays. See 4/8/19 Order at 4-5 (Dkt. 9).

### III.  CONCLUSION

Price's claim against John Doe is barred by the three-year statute of limitations for personal injury claims, and the Court did not make a palpable error when it dismissed the other defendants in its previous decision.  Price's motion to amend the pleadings to add Dr. Foland Walker (Dkt. 16) is denied because Dr. Walker would be dismissed for the same reasons Covenant Hospital has already been dismissed.  Accordingly, the entire complaint is dismissed for failure to state a claim for which relief may be granted.

It is further ordered that Price's requests for discovery (Dkt. 6), for appointment of counsel (Dkt. 12, 14), and to amend the pleadings to add medical records (Dkt. 16) are denied as moot. Price's request for an extension of time to file a response to the Court's previous order (Dkt. 11) is granted, but the request to waive the filing fee for this action (Dkt. 7) is denied, because Price is a prisoner, and prisoners are required to pay the filing fee for their civil complaints.  28 U.S.C. § 1915(b)(1).  This case is now closed.

SO ORDERED.

Dated:  October 25, 2019　　　　　　　　　　　s/Mark A. Goldsmith  
　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 25, 2019.
　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky  
　　　　　　　　　　　　　　　　　　　　　　Case Manager