UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE PRICE,

    Plaintiffs,                                                Case No. 19-10348
vs.                                                              HON. MARK A. GOLDSMITH

JOHN DOES, et al.,

    Defendant.
_____/

**OPINION & ORDER
DENYING MOTION FOR RELIEF FROM JUDGEMENT UNDER RULE 60(b) (Dkt. 22)**

Tyrone Price has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1-6). For the reasons that follow, his motion is denied.

**I.  BACKGROUND**

Price, a federal inmate currently housed at the Federal Correctional Institution in Manchester, Kentucky, filed a pro se complaint seeking money damages for alleged violations of his constitutional rights. The two defendants named on the face of the complaint were the municipal police department for Saginaw, Michigan, and Covenant Hospital in Saginaw, Michigan. The body of the complaint and exhibits attached to the complaint indicated that Price was also suing Dawn Duranso, who works for the Saginaw Police Department, and a Saginaw police officer identified as "John Doe." Price alleged in his complaint that on March 8, 2015, he was a passenger in a car driven by his pregnant girlfriend, Breanna Blank. Compl. ¶¶ 1-2, 5 (Dkt. 1). Officer John Doe was on duty that day, and he drove his patrol car at a high rate of speed through Saginaw streets without using his headlights or sirens. Id. ¶ 2. John Doe's conduct caused Ms. Blank's car to hit a tree. Id. As a result of the accident, Ms. Blank's unborn child died, and

Price sustained injuries to his back and to his right leg. Id. ¶¶ 1, 3-4. Price further alleged in the complaint that Dawn Duranso of the Saginaw Police Department refused to send a copy of John Doe's police report to him, id. ¶¶ 7-8, and that staff at Covenant Hospital refused to take x-rays or an MRI of Price's back and leg. Id. ¶ 9. Price stated that he is disabled as a result of the accident. Id. ¶ 11. He claimed that John Doe and Covenant Hospital were deliberately indifferent to his medical needs and liable under the Eighth Amendment for the "unnecessary and wanton infliction of pain." Id. ¶¶ 4, 6, 10. Price also claimed that Duranso violated his Fourteenth Amendment right to due process and his First Amendment right to petition the Government for redress of grievances by refusing to send him a copy of the police report for the incident on March 8, 2015. Id. ¶ 8. On April 8, 2019, the Court dismissed the Saginaw Police Department, Covenant Hospital, and Dawn Duranso from this action and ordered Price to show cause why his claim against John Doe should not be dismissed as untimely (Dkt. 9) ("4/8/19 Order").

On October 25, 2019, the Court issued an opinion and order granting Price's request for an extension of time to file a response; rejecting Price's objections to the court's previous order; dismissing the claim against John Doe as untimely; denying Price's requests for discovery, for waiver of fees and costs, for appointment of counsel, and to allow supplemental pleading; dismissing the complaint; and closing the case (Dkt. 17) ("10/25/19 Order").

## II. STANDARD OF REVIEW

Under Rule 60(b), a federal court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is

void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), no more than one year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1); Conner v. Attorney General, 96 F. App'x 990, 992 (6th Cir. 2004). The bounds of reasonable time ordinarily depend "on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990). A court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992).

### III.    ANALYSIS

At the end of his brief, Price identifies the legal standard applicable to Rule 60(b) motions. See Mot. at 10-11 (Dkt. 22). However, he does not clearly identify which of the six reasons identified in the rule applies to his case. Instead, he repeats a number of arguments previously raised, with no cogent attempt to show a defect of this Court's previous rulings, much less one that would entitle him to relief under Rule 60(b).

Price argues that the claim against John Doe, identified in the instant motion as Doug Wortley, should not have been dismissed for Price's failure to comply with the applicable statute of limitations. Mot. at 2. He claims that "there is no statute of limitation[s] for murder or wrongful death." Id. However, that is simply not the case. See Mich. Comp. Laws § 600.5805(2) ("Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death

3

or injury for all actions to recover damages for the death of a person or for injury to a person or property"); see also McCune v. Grand Rapids, 842 F.2d 903, 905 (6th Cir. 1988) (requiring federal courts hearing claims under 42 U.S.C. § 1983 to apply the state statute of limitations governing actions for personal injury).

Price also argues that Covenant Hospital and its employee Dr. Foland Walker should not have been dismissed. Foland Walker has never been a defendant in this case. In the 10/25/19 Order, the Court rejected Price's motion to file a supplemental pleading to add Walker as a defendant because it would be futile. As that order stated, Price alleged the same wrongdoing by Dr. Walker as he alleged against Covenant Hospital, and the claims against both parties had to be dismissed for two reasons. First, Price did not plead facts establishing that Dr. Walker or Covenant Hospital were state actors; second, the Court cannot second guess medical judgments and thereby constitutionalize claims sounding in state tort law. See 10/25/19 Order at 7-9; 4/8/19 Order at 4-5. Price identifies some caselaw concerning the state actor doctrine, see Mot. at 7-8; however, he does not make any attempt to argue that Covenant or Walker should be found to be state actors. Furthermore, he does not address the Court's holding that hearing his claims against Walker and Covenant Hospital would inappropriately constitutionalize state tort law claims.

In sum, Price identifies no basis for relief under Rule 60(b). Nor does he identify any flaws in the Court's previous orders. Therefore, his motion must be denied.

### IV. CONCLUSION

Price's motion for relief from judgment (Dkt. 22) is denied.

SO ORDERED.

Dated: February 4, 2021  s/Mark A. Goldsmith
     Detroit, Michigan  MARK A. GOLDSMITH
                                                        United States District Judge

**CERTIFICATE OF SERVICE**

 The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 4, 2021.

            s/Karri Sandusky
            Case Manager