UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE PRICE,

        Plaintiff,                             Case No. 19-cv-10348

                                             HON. MARK A. GOLDSMITH

JOHN DOES et al.,

        Defendants.
_____/

**ORDER**
**DENYING (1) MOTION FOR RELIEF FROM JUDGMENT (Dkt. 24) AND (2) MOTION FOR APPOINTMENT OF COUNSEL (Dkt. 25)**

Plaintiff Tyrone Price has now filed a second motion for relief from judgment under Federal Rule of Civil Procedure 60(b) (Dkt. 24) and a second motion for appointment of counsel (Dkt 25). The full background for these motions can be found in: (i) this Court's opinion and order dismissing his complaint based on the statute of limitations and failure to state a claim and denying his motion for appointment of counsel, 10/25/19 Op. & Order (Dkt. 17); and (ii) this Court's opinion and order denying Price's earlier Rule 60(b) motion, 2/4/21 Op. & Order (Dkt. 23). Price had filed an appeal from the judgment, but it was dismissed by the Sixth Circuit for lack of prosecution. 1/9/20 Order (Dkt. 21).

Price's current attempt for relief suffers from fatal defects. It was filed over four years after judgment and nearly two years after the prior order denying his earlier Rule 60(b) motion. Whatever may be the propriety of filing successive Rule 60(b) motions, this one comes far too late. It also comes with no explanation for its tardiness. The rule says that motions must be filed within a "reasonable time" after the entry of the order that is the subject of the motion, except that,

for certain grounds, the motion must be filed within a year. Fed. R. Civ. P. 60(c). Price fails to set forth what grounds he invokes. But even if examined under the more flexible "reasonable time" standard, the motion sets forth no facts explaining Price's delay. He does mention "lockdowns" in connection with statements he makes about the statute of limitations. See Mot. at PageID.110. But he does not offer this as an explanation for the tardiness in filing his motion; even if that was his purpose, he offers no facts showing why this alleged impediment continued for so many years and prevented a timely filing.

As for the merits of the motion, Price asserts nothing that would come within any of the grounds for relief. He reiterates points that he has made previously—essentially, that the Court's earlier dismissal was in error. But that is not the function of a Rule 60(b) motion. See White v. United States, No. 18-3090, 2018 WL 11337479, at *2 (6th Cir. June 7, 2018) ("Reiteration of a previously rejected argument does not warrant Rule 60(b) relief."). And because he does not have even a colorable claim for relief, the appointment of an attorney would be inappropriate. United States v. MacGregor, 2024 WL 3262588, at *2 (E.D. Mich. July 1, 2024).

His Rule 60(b) motion (Dkt. 24) and motion for appointment of counsel (Dkt. 25) are denied.

    SO ORDERED.

Dated: September 27, 2024            s/Mark A. Goldsmith
Detroit, Michigan                          MARK A. GOLDSMITH
                                             United States District Judge